Nott, J.,
delivered tbe opinion of tbe court:
Tbe defendants, tbe United States, moved “ that tbe claimants in these cases, all relating to tbe same property, be required to interplead as to tbeir respective claims.” Tbe court granted this order in effect, and directed "that upon tbe presentation of petitions in due form, and upon showing interest in tbe subject-matter of tbe claims and tbe right of tbe party filing such petition to be beard in this court,” tbe junior claimants be joined as “ co-claimants ” in tbe first suit.
Tbe claimants, Montgomery, Mrs. Nutt, and Mrs. Wells, availed themselves of this order and filed tbeir intervening petitions, each claiming as against tbe claimant in tbe first suit.
When this first suit of Woodruff was reached upon the- trial list of tbe court, tbe other cases were not ready to be beard on tbe part of either claimants or defendants. But tbe counsel for Woodruff insisted that tbe case should proceed and be tried irrespective of tbe other cases; and tbe counsel in tbe other cases insisted that tbe witnesses already examined in tbe suit of Woodruff on tbe question of ownership be recalled, so that they might be cross-examined by tbe junior claimants without making them tbeir own. Tbe court has held tbe motions under advisement.
At an early day in our proceedings under tbe “Abandoned or captured property act,” it appeared that there were two parties in court seeking by several actions to recover tbe same proceeds of property, whereof each claimed to have been tbe owner. On these facts being properly brought before tbe court by motion, tbe intervening or second claimant was allowed to come in as a party on tbe record, and tbe two cases were beard as one suit, tbe conflicting interests being settled by one decree. (Turner’s Case, 2 C. Cls. R., p. 390.)
In these cases now before tbe court a somewhat similar motion was made by tbe United States, and tbe same relief was intended to have been granted. Tbe term “to interplead,” was perhaps unfortunately used; for an interpleader can be allowed to tbe defendant sued by two adverse plaintiffs only where be is a stakeholder having no conflicting interest of bis own, and being ready to deposit tbe stake and withdraw from tbe controversy. Such is not altogether tbe condition of tbe United States here. They have a direct interest on tbe issue of loy *488 alty; for if the owner fail there, they succeed in tbeir own right to the proceeds; they hare an indirect interest on the issue of ownership; for if the claimant fail there, they hold as trustee for the true owner. Tet still the term is not altogether inapplicable; for the United States do say to the owners of abandoned or captured property, “ Prove your loyalty and take your proceeds.” They merely use this court to ascertain by judicial proceedings who are the owners.
There need be no difficulty in such cases; nor any want of precedents or analogies. In equity, adverse parties, claiming an interest in the same property or fund, may be brought into court and several suits be united, and conflicting claims settled by a single decree. If these proceedings were in an ordinary court of equity, a second claimant might either be brought in as a party defendant, or might himself bring a second suit against both the claimant and defendants in the first. The junior claimants have in effect done so here. By their original and intervening petitions they have made both the United States and the first claimant parties defendant in their suits. The court, for the convenience of all parties, orders that these several suits be united and heard together. If the first claimant’s motion to have "his original suit heard now were granted, nothing would be gained by him; for proceedings on the decision would be stayed till the suits of the other claimants against him and the United States should be heard and also decided. Having maintained his ownership once, as he now seeks to do, he would have to maintain it again when the several suits against himself and the United States came to be tried. His learned counsel insists that these junior parties are strangers to his clients, who knows nothing of them or their suits. But they are not. He has virtually been sued by these strangers and made a party defendant in their suits. He must now maintain his right against them, as well as make out a good title as against the United States. It will be for his convenience if he be allowed to do this by one trial and at one time.
As to the other demand that the first claimant produce again his witnesses for the cross-examination of the junior claimants, the com’t cannot nowinterfere. One thing is certain — that testimony cannot be used against a party who has had no opportunity to cross-examine the witness. In these cases, the first claimant *489 will bave to mate out, in tbe first instance only, a case against tbe United States. He is entitled to be beard first and to bave bis case considered first. Being earlier in time, be is to that extent stronger in equity. Tbe junior claimants will then bave to make good tbeir title against tbe first. To do so they cannot use testimony wbicb is to tbe first claimant ex parte. H tbe junior claimants make out a case against tbe first claimant and be seeks to rebut it tbe same rule must prevail, be cannot use ex parte testimony as against tbe junior claimants.
It is not to be understood that any formal mode of offering ■ testimony, in chief and in rebuttal, will be required, and we are now only indicating tbe legal effect to be given to tbe testimony. Tbe cases will, in fact, be beard and considered together; and tbe application of this principle cannot be determined till tbe bearing.